IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDO G. SANDERS,

      Plaintiff,                  No. CIV S-05-1989 GEB GGH P

   vs.

M. YORK, et al.,

      Defendants.            ORDER

_____/

       On February 27, 2006, the court recommended that this action be dismissed for plaintiff's failure to keep the court apprised of his current address. On March 9, 2006, plaintiff filed objections. Good cause appearing, the findings and recommendations will be vacated.

       On January 5, 2006, the court ordered plaintiff to return forms necessary to effect service of defendants. This order was returned unserved. Good cause appearing, the court will direct the clerk to re-serve this order on plaintiff.

       On February 24, 2006, plaintiff filed his second motion for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d

1

1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 27, 2006, findings and recommendations are vacated;

2. The Clerk of the Court is directed to re-serve plaintiff with the order filed January 5, 2006;

3. Plaintiff's February 24, 2006, motion for appointment of counsel is denied.

DATED: 3/29/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
san1989.vac