IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDO G. SANDERS,

    Plaintiff,                        No. CIV S-05-1989 GEB GGH P

    vs.

M. YORK, et al.,

    Defendants.                <u>ORDER</u>

_____/

        On January 19, 2007, plaintiff filed an application for entry of default as to defendant Rubio. On October 20, 2006, defendant Rubio filed a waiver of service stating that his response to the complaint was due within ninety days of July 25, 2006. Accordingly, defendant Rubio shall show cause why default should not be entered.

        On January 22, 2007, plaintiff filed a request to reschedule the scheduling order because of his inability to serve defendant Rubio with discovery requests. The court will grant plaintiff additional time to serve defendant Rubio with discovery requests following resolution of plaintiff's request for entry of default.

        On January 25, 2007, plaintiff filed a motion requesting that defendants be required to take his deposition telephonically. Plaintiff states that he is incarcerated in San Diego County and should not have to be transported to Sacramento for his deposition. On January 29,

1

1  2007, plaintiff filed a pleading stating that defendants have noticed his deposition in San Diego
2  County. Accordingly, plaintiff's motion for a telephonic deposition is denied as unnecessary.

3  On February 16, 2007, plaintiff filed a request for an extension of time to serve
4  defendants with additional discovery requests. In particular, plaintiff requests permission to
5  serve defendants with a request for admissions in which he asks defendants to admit the
6  authenticity of certain documents. See Exhibit A, attached to the request.

7  Pursuant to the December 20, 2006, scheduling order, all requests for discovery
8  were to be served not later than sixty days prior to March 16, 2007, i.e. by January 15, 2007.
9  Plaintiff states that on January 17, 2007, the court granted defendants an extension of time to
10 January 27, 2007, to respond to plaintiff's request for admissions, set one, and request for
11 production of documents, sets one and two. Plaintiff states that after reviewing defendants'
12 responses to these discovery requests, he has determined that he must serve defendants with the
13 additional request for admissions.

14 Plaintiff's proposed request for admissions does not appear to be overly
15 burdensome. On this ground, the court will grant plaintiff's request for extension of time to
16 serve defendants with this additional discovery request.

17 On January 25, 2007, plaintiff filed a motion for sanctions. Plaintiff argues that
18 defendant Penner incorrectly answered an interrogatory regarding his involvement in previous
19 litigation. The interrogatory asked if defendant had ever been sued for medical malpractice or
20 deliberate indifference. Without waiving objection, defendant answered "no." Following receipt
21 of this response, plaintiff obtained information indicating that defendant had been sued for
22 deliberate indifference. On this ground, plaintiff moves for sanctions.

23 In the opposition to plaintiff's motion, defendants state that defendant Penner
24 immediately amended his answer following receipt of this information from plaintiff. Based on

25
26

this amendment, the court finds that sanctions are not warranted.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days of the date of this order, defendant Rubio shall show cause why default should not be entered; the Clerk of the Court shall serve this order on Medical Technical Assistant Rubio, California State Prison-Sacramento, P.O. Box 29, Represa, California, 95671;

2. Plaintiff's January 25, 2007, motion for sanctions is denied;

3. Plaintiff's January 25, 2007, motion for a telephonic deposition is denied;

4. Plaintiff's February 16, 2007, request for an extension of time to serve defendants with additional discovery is granted; within twenty days of the date of this order, defendants shall respond to the request for admissions attached to plaintiff's February 16, 2007, request for extension of time.

DATED: 3/2/07                    /s/ Gregory G. Hollows

                                 UNITED STATES MAGISTRATE JUDGE

san1989.clp

---

[1] In the opposition to plaintiff's motion, defendants state that pursuant to Local Rule 37-251, plaintiff should have attempted to resolve this discovery dispute before filing the motion for sanctions. While the court agrees that an informal attempt to resolve this dispute would have been more practical, the discovery order filed September 1, 2006, provides that Local Rule 37-251 does not apply in this action.